IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CHARLES R. BAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-2331-STA |
| ) | |
| PFIZER, INC., WYETH INC., ) | |
| WYETH CONSUMER ) | |
| HEALTHCARE, LTD., and ) | |
| FORT DODGE ANIMIAL ) | |
| HEALTH, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss (D.E. # 22) filed on June 16, 2010, and Defendants' Supplemental Memorandum (D.E. # 30) filed on November 4, 2010. Plaintiff Charles R. Baker has filed a brief in opposition to Defendants' Motion (D.E. # 33). Defendants have also a reply brief (D.E. # 37). For the reasons set forth below, Defendants' Motion is **GRANTED**.

## BACKGROUND

Plaintiff brings this *qui tam* claim on behalf of the public for false patent marking under 35 U.S.C. § 292. (Compl. ¶ 1.) Plaintiff alleges that Defendants have violated the statute by marking certain Axid AR ® and Synanthic ® products with various United States patent numbers, even though these patents are expired. (*Id*. ¶ 2.) Plaintiff contends that Defendants

1

marked Axid AR ® and Synanthic ® branded products with the expired patents with the intent to deceive competitors and the public and to gain a competitive advantage in the market. (*Id*.) Defendants are the manufacturers, and their subsidiaries, of the products at issue. (*Id*. ¶¶ 5-8, 13.) Those products are Axid AR ®, a non-prescription tablet used to relieve heartburn and indigestion; and Synanthic ®, a veterinary product, used to treat lungworms, roundworms, tapeworms, and other parasites in cattle. (*Id*. ¶ 14.)

According to the Complaint, Axid AR ®, including its packaging and/or labeling, has been and continues to be marked with United States patent number 4,375,547 ("the '547 Patent"). (*Id*. ¶ 15.) Plaintiff alleges that the '547 Patent has expired, but Defendants (except Defendant Fort Dodge) nevertheless continue using the improper patent markings on Axid AR ®, with the intent to deceive the public and to gain competitive advantage in the market. (*Id*. ¶ 16.) Likewise, Synanthic ®, including its packaging and/or labeling, has been and continues to be marked with the following United States patent numbers: 3,929,821 and 4,080,461 ("the '821 Patent" and "the '461 Patent," respectively). (*Id*. ¶ 17.) Despite the fact that both of these patents have expired, Defendants continue to use the improper patent markings on Synanthic ®, with the intent to deceive the public and to gain competitive advantage in the market. (*Id*. ¶ 18.)

The Complaint alleges that Defendants comprise a sophisticated multi-national company with many decades of experience applying for and obtaining patents, and therefore Defendants know that patents do not have an indefinite duration but, rather, expire. (*Id*. ¶ 21.) Plaintiff contends that Defendants employ in-house legal counsel and that attorneys in Defendants' in-house legal departments are responsible for Defendants' intellectual property and marketing, labeling, and advertising law. (*Id*. ¶¶ 22, 23.) Defendants knew that all of the patents at issue

had expired and yet continued to have the expired patent numbers marked on the labeling/packaging of the products in question. (*Id*. ¶¶ 25-27.) Plaintiff further alleges that Defendants have committed these acts with an intent to deceive competitors and the public. (*Id*. ¶ 30.)

### A.   *Defendants' Motion to Dismiss*

In the Motion before the Court, Defendants argue that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). More specifically, Defendants contend that the Complaint has failed to allege any facts to support the assertion that Defendants acted with an intent to deceive the public. According to Defendants, Plaintiffs must allege that Defendants acted consciously and purposefully to deceive the public. Defendants state that Plaintiff's allegations of deceit are akin to fraud and must be pled with the particularity required under Rule 9(b). The pleadings in the case at bar fail in this regard. Moreover, Defendants argue that the Complaint does not even satisfy the more liberal notice pleading requirements of Rule 8(a). Stripped of its formulaic recitation of the elements of the claim, Plaintiff's pleadings fail to state a claim. Therefore, Defendants ask the Court to dismiss Plaintiff's Complaint.

In opposition, Plaintiff responds that his Complaint has adequately pled the elements for a violation of § 292. Plaintiff emphasizes that the Court should analyze the pleadings under Rule 8(a) and that he need not satisfy the heightened pleadings requirements of Rule 9(b). While acknowledging that the Federal Circuit has not addressed the issue in patent marking cases, Plaintiff cites a series of district court decisions in cases like the one at bar, in which courts used Rule 8(a) to conclude that allegations similar to those in this case had stated a claim. In any

3

event, Plaintiff argues that the Complaint adequately pleads Defendants' intent to deceive under either Rule 8(a) or Rule 9(b).  The Federal Circuit has held in patent marking cases that the "combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public."  Plaintiff contends that he has pled these two elements, giving rise to an inference of intent to deceive the public.  Plaintiff believes then that his pleadings are adequate to survive at this stage of the case.  Therefore, Plaintiff asks the Court to deny Defendants' Motion.

In their reply, Defendants emphasize the growing trend in false patent marking suits to apply Rule 9(b)'s heightened pleading standard, including another decision from this District dismissing an unrelated suit brought by this Plaintiff against different parties.  More critically, Defendants contend that Plaintiff has failed to adequately plead an intent to deceive the public under either the heightened Rule 9(b) standard or the more liberal Rule 8(a) notice standard.  Defendants point to a series of cases from other districts where courts have dismissed allegations about a defendant's intent to deceive which are similar to the allegations in this case.

### B.    Procedural History

After the filing of Defendants' Motion to Dismiss, the Court granted the parties' request to stay proceedings pending a ruling in another § 292 false patent marking suit, *Stauffer v. Brooks Brothers, Inc.*, 619 F.3d 1321 (Fed. Cir. 2010).[1]  The stay was lifted on October 21, 2010, at which time the parties filed additional briefs on Defendants' Motion.  At the close of briefing on the Motion to Dismiss, the parties filed supplemental authority in support of their respective positions.  Defendants filed notice of a subsequent ruling granting a similar Rule 12(b) motion in

---

[1] *See* Order Granting Jt. Mot. Stay, June 29, 2010 (D.E. # 26).

another case filed by Plaintiff in this District, *Baker v. Bayer Aktiengesellschaft Corp.*[2] In response to Defendant's submission of this supplemental authority, Plaintiff filed his own notice, admitting that Chief Judge McCalla had dismissed Plaintiff's false marking claims in *Bayer*. However, Plaintiff also cited Chief Judge McCalla's decision to vacate his dismissal of Plaintiff's false marking claims in a third case, *Baker v. ISTA Pharms.*[3] In *ISTA*, the judgment was vacated and Plaintiff granted leave to file an amended complaint. Notably, at the same time Plaintiff filed this supplemental authority, Plaintiff filed a motion to file an amended complaint in the case at bar.[4] One week after filing his motion to amend, Plaintiff without explanation withdrew both his supplemental authority (D.E. # 39) and the motion to amend (D.E. # 40).[5]

Finally, on March 2, 2011, Plaintiff filed a motion to stay a ruling on Defendants' Motion to Dismiss, pending the Federal Circuit's decision in *In re BP Lubricants*. On March 15, 2011, before Defendants could respond to the motion to stay, the Federal Circuit issued its ruling in *BP*

---

[2] *See* Defs.' Notice of Supp. Authority, Feb. 1, 2011 (D.E. # 38) (citing *Baker v. Bayer Aktiengesellschaft Corporation*, No. 10-2271-JPM (W.D. Tenn. Jan. 20, 2011)). The Court takes notice that judgment was entered in *Bayer*, and to date Plaintiff has not filed a motion to vacate or reconsider the Court's ruling.

[3] *See* Pl.'s Notice of Supp. Authority, Feb. 2, 2011 (D.E. # 39) (citing *Baker v. ISTA Pharms.*, No. 10-2273-JPM (W.D. Tenn. Jan. 20, 2011)). The Court takes notice that Plaintiff voluntarily dismissed without prejudice all claims in this case pursuant to Rule 41(a)(1)(A)(I) on February 11, 2011.

[4] Pl.'s Mot. File Am. Compl., Feb. 2, 2011 (D.E. # 40). Plaintiff's Motion to Amend was actually identical to his brief on the supplemental authority filed at docket 39.

[5] Unopposed Mot. Withdraw Docs., Feb. 9, 2011 (D.E. # 44) and Order Granting Unopposed Mot. Withdraw Docs., Feb. 16, 2011 (D.E. # 45).

*Lubricants*.[6]  As a result, Plaintiff withdrew the motion.  Following this extensive procedural history, the Court finds that Defendants' Motion to Dismiss is now ripe for adjudication.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6).  When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[7]  "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[8]  However, legal conclusions or unwarranted factual inferences need not be accepted as true.[9]  "[A] formulaic recitation of the elements of a cause of action will not do."[10]

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[11]  Although this standard does not require "detailed factual allegations," it does require more than

---

[6] *In re BP Lubricants*, — F.3d —, No. 960, 2011 WL 873147, at * 2 (Fed. Cir. Mar. 15, 2011).

[7] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007).

[8] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[9] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[10] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

[11] Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[12]  In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]

The Federal Circuit has held that the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies to § 292 claims for false patent marking.[15]  The elements of a § 292 claim are: (1) marking an unpatented article (2) with the intent to deceive the public.[16]  Rule 9(b) requires that the circumstances constituting fraud be pleaded with particularity.[17]  To survive a Rule 12(b) motion to dismiss, Plaintiff's complaint must allege "sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind."[18]

---

[12] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009);  *Twombly,* 550 U.S. at 555.  *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[13] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570.

[14] *Iqbal,* 129 S.Ct. at 1949.

[15] *In re BP Lubricants USA, Inc.*, 2011 WL 873147, at * 2 ("Permitting a false marking complaint to proceed without meeting the particularity requirement of Rule 9(b) would sanction discovery and adjudication for claims that do little more than speculate that the defendant engaged in more than negligent action.").

[16] *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) (citing *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

[17] *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1326 (Fed. Cir. 2009).

[18] *Id*. at 1327.

## ANALYSIS

The issue presented in Defendants' Motion is whether Plaintiff has pleaded a plausible claim for violations of § 292 and specifically whether Plaintiff has pleaded Defendants' intent to deceive the public. The Federal Circuit has held that the "bar for proving deceptive intent [under § 292] . . . is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine."[19]  To be liable under § 292, a defendant must have acted with a "purpose of deceit, rather than simpl[e] knowledge that a statement is false . . . ."[20]

Applying the Rule 9(b) standard to Plaintiff's pleadings in this case, the Court holds that Plaintiff has failed to allege Defendants' intent to deceive the public with the requisite particularity. The Federal Circuit explained in *Peuginot* that "the fact of misrepresentation coupled with proof that the party making it had knowledge of its falsity is enough to warrant drawing the *inference* that there was a fraudulent intent", that is, the intent to deceive the public.[21]  The Federal Circuit in *Pequignot* went on to emphasize that this inference is only a rebuttable presumption, subject to any factual defenses the defendant may be able to assert.[22]  More recently, the Federal Circuit has clarified that pleading "the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied" and

---

[19] *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).

[20] *Id*.

[21] *Id*. (quoting *Clontech Labs.*, 406 F.3d at 1352 (emphasis in original)).

[22] *Pequignot*, 608 F.3d at 1363 ("Thus, mere knowledge that a marking is false is insufficient to prove intent if Solo can prove that it did not consciously desire the result that the public be deceived.").

pleading such facts "does not, standing alone, satisfy Rule 9(b)'s particularity requirement."[23]

The Court concludes that Plaintiff has failed to allege with particularity any facts giving rise to both of these inferences and accordingly has failed to plead Defendants' intent to deceive. Laid bare of its legal conclusions, the Complaint at bar asserts the following facts: (1) that the patents at issue are all expired; (2) that Defendants continue to label their products with the expired patent numbers; (3) that Defendants are "a sophisticated multi-national company with many years of experience" employing "in-house legal counsel"; (4) that Defendants must know that patents do not endure indefinitely; and (5) that Defendants knew the patents at issue were expired. Based on these allegations alone, Plaintiff has failed to allege facts to support an inference that Defendants acted with the intent to deceive the public. Rather Plaintiff has only pled that as a multi-national corporation, Defendants had such sophistication and marshaled legal resources such that their knowledge of the expiration of the patents can be inferred.

The Court finds these allegations to be nearly identical to pleadings in a series of recent false patent marking suits around the country: plaintiffs have relied on "sophisticated company" allegations against corporate defendants in an effort to plead the corporate defendant's intent to deceive. The Federal Circuit in *In re BP Lubricants* rejected "sophistication" allegations of this type as insufficient under Rule 9(b).[24] The Federal Circuit's ruling caps an entire line of cases where courts have concluded that allegations of a corporation's sophistication do not satisfy Rule

---

[23] *In re BP Lubricants*, 2011 WL 873147, at *4.

[24] *Id*. ("That bare assertion [of a company's sophistication] provides no more of a basis to reasonably distinguish a viable complaint than merely asserting the defendant should have known the patent expired. Conclusory allegations such as this are not entitled to an assumption of truth at any stage in litigation."). *See also Herengracht v. Group LLC v. Intelligent Prods., Inc.*, No. 10-21785, 2011 WL 938995 (S.D. Fla. Mar. 16, 2011).

9

9(b) pleading requirements and were insufficient to give rise to an inference of the defendant's intent to deceive.[25] Those courts have remarked that Such allegations about a defendant's sophistication and knowledge of the law are the type of "threadbare recitals"[26] which are "merely consistent with a defendant's liability, stopping short of the line between possibility and plausibility of entitlement to relief."[27] Based on the Federal Circuit's clear holding and the

---

[25] *Baker v. Bayer Aktiengesellschaft Corporation*, No. 10-2271-JPM (W.D. Tenn. Jan. 20, 2011)*; Herengracht Group LLC v. American Tombow, Inc.*, No. 2:10-cv-362-FtM-29SPC, 2010 WL 5477495, at *2 (M.D. Fla. Dec. 30, 2010); *Patent Compliance Group, Inc. v. Wright Medical Technology, Inc.*, No. 3:10-cv-289-K, 2010 WL 5184344, at *3 (N.D. Tex. Dec. 16, 2010); *Heathcote Holdings Corp., Inc. v. Crayola LLC*, No. 10-C-0342, 2010 WL 5149343, at *2 (N.D. Ill. Dec. 10, 2010) (Hart, J.); *Brown v. Georgia-Pacific Consumer Products L.P.*, No. 4:10-CV-1005RWS, 2010 WL 4609393, at *2 (E.D. Mo. Nov. 5, 2010); *Hollander v. Ortho-McNeil-Janssen Pharms., Inc.*, No. 2:10-cv-00836-RB, 2010 WL 4159265, at *5 (E.D. Pa. Oct. 21, 2010); *Josephs v. Federal-Mogul Corp.*, No. 10-10617, 2010 WL 3803779, at *2 -3 (E.D. Mich. Sept. 23, 2010); *Simonian v. Edgecraft Corp.*, No. 10 C 1263, 2010 WL 3781262, at *3 (N.D. Ill. Sept. 20, 2010) (Grady, J.); *Brinkmeier v. BIC Corp.*, Civ. Nos. 09-860-SLR, 10-01-SLR, 2010 WL 3360568, at *9 (D. Del. Aug. 25, 2010); *Hollander v. Etymotic Research, Inc.*, No. 10-526, 2010 WL 2813015, at *6 (E.D. Pa. July 14, 2010); *Inventorprise, Inc. v. Target Corp.*, No. 09-CV-00380, 2009 WL 3644076, at *6 (N.D.N.Y. Nov. 2, 2009). *See also U.S., ex. rel. FLFMC, LLC v. William Bounds, Ltd.*, No. 10-420, 2010 WL 4788554, at *5 (W.D. Pa. Nov. 17, 2010) (granting motion to dismiss false patent marking claim and holding that allegation about the length of time that a patent had been expired was not enough to create inference of intent to deceive the public); *McNamara v. Natural Organics, Inc.*, No. 10 C 3544, 2010 WL 3521850, at *2 (N.D. Ill. Sept. 1, 2010) (Shadur, J.); *Shizzle Pop, LLC v. Wham-O, Inc.*, No. CV 10-3491 PA, 2010 WL 3063066, at *4 (C.D. Cal. Aug. 2, 2010). In another case, *Simonian v. Cisco Systems, Inc.*, the Northern District of Illinois granted a motion to dismiss the original complaint which included "sophisticated company" allegations almost identical to those in the pleadings at bar. *See Simonian v. Cisco Sys., Inc.*, No. 10 C 1306, 2010 WL 2523211, at *3 (N.D. Ill. June 17, 2010) (Der-Yeghiayan, J.). Nevertheless, that court later denied a motion to dismiss the amended complaint where the plaintiff had added more specific allegations about the defendant's patent portfolio and system for tracking its patents. *Simonian v. Cisco Sys., Inc.*, No. 10 C 1306, 2010 WL 3019964, at *2 (N.D. Ill. July 29, 2010).

[26] *Ortho-McNeil-Janssen Pharms.*, 2010 WL 4159265, at *5.

[27] *Patent Compliance Group*, 2010 WL 5184344, at *3; *Edgecraft*, 2010 WL 3781262, at *3 (both citing *Iqbal*, 129 S.Ct. at 1949).

10

substantial body of authority from other Districts, this Court holds that Plaintiff has failed to state his claims under § 292.  Therefore, Defendants' Motion to Dismiss is **GRANTED**.

    **IT IS SO ORDERED.**

                                            **s/ S. Thomas Anderson**
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: March 28, 2011.